IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINALD L. LEE,                        *

      Plaintiff *pro se*,              *

              v.                   *       Civil Action No. RDB 06-1039

MARTIN O'MALLEY, *et al.*,             *

      Defendants.                      *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

      This action arises from a Complaint filed by *pro se* Plaintiff Reginald Lee ("Plaintiff" or "Lee") against Defendants Baltimore City Police Department (the "BPD"), Martin O'Malley, former Mayor of the City of Baltimore, Sheila Dixon, former City Council President, Kevin Clark, former Commissioner of the BPD, Officer David Green of the BPD, and three unidentified officers of the BPD (collectively, "Defendants").[1]  The Complaint alleges that Plaintiff was arrested for loitering without probable cause, asserts causes of actions under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Eighth Amendments of the United States Constitution, and contends that Defendants' conduct also violated Article 7 of the Maryland Declaration of Rights.  Currently pending before this Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This Court has jurisdiction based on the allegations of a federal question under 28 U.S.C. § 1331.  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, Defendants' Motion to Dismiss is GRANTED.

---

[1]     Martin O'Malley is now Governor of the State of Maryland.  Sheila Dixon is now Mayor of the City of Baltimore.

## STANDARD OF REVIEW

"The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolves contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).  As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations."  *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  However, while "notice pleading requires generosity in interpreting a plaintiff's complaint . . . generosity is not fantasy."  *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).

**DISCUSSION**

## I.     The Complaint.

Plaintiff Reginald Lee ("Plaintiff" or "Lee") alleges that "[o]n April 25, 2003, black Officer Dave Green, and three unidentified black female officers, arrested plaintiff for loitering on the corner of Norfolk and Oakfield Avenues." (Compl. ¶ 1.) Plaintiff contends that he was injured "[w]hile in transit to Central Booking [when] Officer Donna Doe backed the police van into the concrete column at Central Booking." (*Id.* ¶ 2.) As a result, Plaintiff maintains that he "had to be treated at Mercy Hospital for back injuries." (*Id.* ¶ 3.) Finally, Plaintiff asserts that he "was detained at Central Booking for over thirteen hours" and then "released without being formally charged with a crime." (*Id.* ¶¶ 3-4.)

The Complaint asserts three causes of action. Plaintiff contends that his arrest violated (1) "the 4th Amendment's prohibition against unreasonable searches, and seizures," (*Id.* ¶ 7), (2) "Plaintiff's 8th Amendment Right to due process, and equal protection of the law," (*Id.* ¶ 8), and (3) "Article 7, of the Maryland Declaration of Rights," (*Id.* ¶ 9.) Plaintiff seeks "judgment against the defendants in the amount of one million dollars ($1,000,000.00)." (*Id.* ¶ 13.)

On April 25, 2006, Plaintiff filed his Complaint. On June, 7, 2006, Defendants filed the instant Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Paper No. 9.)

## II.    Failure to State A Claim.

Plaintiff's federal constitutional claims are asserted under 42 U.S.C. § 1983, which provides a remedy against any person who, under color of state law, deprives another of rights

protected by the United States Constitution.[2]  The specific constitutional rights that Plaintiff

contends were violated include rights protected by the Fourth and Eighth Amendments.[3]  In

addition, Plaintiff asserts that Defendants' conduct violated Article 7 of the Maryland

Declaration of Rights.[4]  For reasons explained below, each of these claims fail under Rule

12(b)(6) of the Federal Rules of Civil Procedure.

### A.       Fourth Amendment.

Plaintiff's claim that Defendants' conduct violated the Fourth Amendment's prohibition

against unreasonable search and seizure fails under Rule 12(b)(6).  It is well established that the

---

[2]       42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[3]       The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4]       Article 7 of the Maryland Declaration of Rights provides "[t]hat the right of the People to participate in the Legislature is the best security of liberty and the foundation of all free Government; for this purpose, elections ought to be free and frequent; and every citizen having the qualifications prescribed by the Constitution, ought to have the right of suffrage." Md. Const. Declaration of Rights, Art. 7.

warrantless arrest of an individual who has committed a misdemeanor in the arresting officer's presence is consistent with the Fourth Amendment if supported by probable cause. *See*, *e.g.*, *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (citing *Atwater v. Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offence in his presence, he may, without violating the Fourth Amendment, arrest the offender.")).   In the context of evaluating an overdetention claim, moreover, the Supreme Court has noted that presentment "within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)).   Here, the Plaintiff alleges no facts to support a claim that his arrest was made without probable cause.   In addition, he fails to allege facts that would support a claim that his detention of 13 hours before being released was constitutionally unreasonable.   As a result, even after accepting all well-pleaded allegations in the Complaint as true, this Court finds that Lee has failed to state a claim that his Fourth Amendment rights were violated.   Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's cause of action based on the Fourth Amendment.

> **B.     Eighth Amendment.**

Lee's claim that Defendants' conduct violated his Eighth Amendment "right to due process, and equal protection of the law" also fails under Rule 12(b)(6).  (Compl. ¶ 8.)  As an initial matter, the Eighth Amendment does not protect an individual's right to due process or equal protection.  Instead, it provides that "[e]xcessive bail shall not be required, nor excessive

fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.[5]  The

factual allegations made in the Complaint, however, do not implicate bail, fines, or any

cognizable equal protection claim.  As a result, it is difficult to discern the precise cause of

action that Plaintiff intends to assert based on the Eighth Amendment.

This difficulty is without moment, however, because Plaintiff fails to allege sufficient

facts under any reasonable legal theory.  For example, he might have intended to invoke his due

process rights under the Fourteenth Amendment to assert a claim of excessive force.[6]  Such a

claim would fail because Plaintiff fails to allege anything more than *de minimus* injuries

resulting from alleged negligent operation of a police vehicle.  *See Riley*, 115 F.3d at 1167

("Punishment must mean something more than trifling injury or negligible force. Otherwise,

every touch would be actionable and every alleged 'push or shove' would entitle plaintiff to a

trial.").  It is also conceivable that Lee intended to assert that his due process rights were violated

when he "was detained at Central Booking for over thirteen hours" and then "released without

being formally charged with a crime."  (Compl. ¶¶ 3-4.)  This matter has already been addressed

in the context of Plaintiff's Fourth Amendment claim.  *See supra* Discussion II.A,.  A similar

analysis would apply to the extent that Plaintiff is attempting to claim that his thirteen-hour

detention somehow constitutes cruel and unusual punishment.  Accordingly, Defendants' Motion

---

[5]      *See also Ingraham v. Wright,* 430 U.S. 651, 671, n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); *Riley v. Dorton,* 115 F.3d 1159, 1166 (4th Cir. 1997) (noting that the Eighth Amendment does not apply "until after conviction and sentence.") (citing *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)).

[6]      The Fourteenth Amendment provides in relevant part that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV.

to Dismiss is GRANTED with respect to Plaintiff's cause of action based on the Eighth

Amendment.

### C.    Article 7 of the Maryland Declaration of Rights.

Lee's claim that the Defendants' conduct violated his rights under Article 7 of the

Maryland Declaration of Rights also fails under Rule 12(b)(6).  As noted above, this

constitutional provision provides:

> That the right of the People to participate in the Legislature is the best
> security of liberty and the foundation of all free Government; for this
> purpose, elections ought to be free and frequent; and every citizen
> having the qualifications prescribed by the Constitution, ought to
> have the right of suffrage.

Md. Const. Declaration of Rights, Art. 7; *see generally Maryland Green Party v. Maryland Bd.*

*of Elections,* 832 A.2d 214, 222-30 (Md. 2003) (discussing Article 7).  In this case, Plaintiff

alleges no facts that would implicate the voting rights protected by this provision of the

Maryland Constitution.  Accordingly, Defendants' Motion to Dismiss is GRANTED with respect

to Plaintiff's cause of action based on Article 7 of the Maryland Declaration of Rights.

### D.    *Monell* Claim.

To the extent that Plaintiff asserts any cause of action based on *Monell v. Department of*

*Social Services.*, 436 U.S. 658 (1978), Defendants move to dismiss such claims under Rule

12(b)(6).  It is well settled that a municipality is only liable under 42 U.S.C. § 1983 if the

municipality causes a deprivation through an official policy or custom.  *See Monell v. Dep't of*

*Soc. Servs.*, 436 U.S. 658 (1978).  "[A] municipality can be found liable under § 1983 only

where the municipality *itself* causes the constitutional violation at issue."  *City of Canton v.*

*Harris*, 489 U.S. 378, 385 (1989) (emphasis in original).  A municipality cannot be held liable in

a § 1983 action under a theory of *respondeat superior*. *Monell*, 436 U.S. at 694. In this case, aside from the fact that Lee has failed to allege the deprivation of a constitutional right, he offers no facts to support a claim based on municipal liability under *Monell*. Instead, he merely offers the conclusory statement that "said arrests are a matter of policy, tradition and custom within the Baltimore City Police Department." (Compl. ¶ 11.) This type of allegation, however, is insufficient to support any claim that Plaintiff's arrest was the result of some custom or policy. *See*, *e.g.*, *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (allegations of scattered constitutional violations are not sufficient to establish a policy or custom sufficient to create municipal liability); *see also Eastern Shore Mkts.*, 213 F.3d at 180 (the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts").[7] Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's federal constitutional claims based on *Monell v. Department of Social Services*, 436 U.S. 658 (1978).[8]

---

[7]     *See also Boliek v. Frendlich*, No. 04-3655, 2005 WL 1363980, at *6 (D. Md. Jun. 7, 2005) (J. Bennett) (unpublished) (noting that "'[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient.'") (quoting *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 479 (7th Cir. 1997)); *Hall v. Smith*, Case No. 3:05-cv-68-J-25MMH, 2005 WL 1871144, at *4 (M.D. Fla. July 27, 2005) (vague and conclusory allegations will not support a claim against a city under § 1983) (unpublished), *aff'd*, 170 Fed. Appx. 105 (11th Cir. Mar. 07, 2006).

[8]     *See also Clea v. Baltimore*, 541 A.2d 1303, 1306 (Md. 1988) (holding that the City of Baltimore cannot be liable in a state law tort action for the acts of a BPD Officer under a *respondeat superior* theory); *Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 549 (D. Md. 2003) ("Baltimore City cannot be held liable under § 1983 for an unconstitutional arrest by a Baltimore City police officer.") (citation omitted)).

**III.    Baltimore Police Department.**

Defendant Baltimore City Police Department (the "BPD") moves to dismiss Plaintiff's state constitutional claims on grounds that it enjoys certain immunities as a state agency.[9]   The Maryland Court of Appeals has noted that "the State of Maryland and state agencies are generally immune from suits, unless the immunity has been waived by the General Assembly. . . ."  *Maryland-National Capital Park & Planning Com. v. Kranz,* 521 A.2d 729, 731 (Md.) (citing *Katz v. Washington Suburban Sanitary Com.*, 397 A.2d 1027, 1030 (Md. 1979)).  In this case, there is no indication that the BPD has waived immunity with respect to Plaintiff's state constitutional claims.  *See*, *e.g.*, *Baltimore Police Dep't v. Cherkes*, 780 A.2d 410, 424 (Md. Ct. Spec. App. 2001) (holding that the Baltimore City Police Department enjoys state sovereign immunity as an agency of the State from liability for state constitutional torts.)   Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's state constitutional claims against Defendant BPD.[10]

**IV.    Individual Defendants.**

Plaintiff's claims against the individual Defendants in this action fail for reasons explained above.  Without a single underlying federal or state constitutional violation, Plaintiff simply lacks grounds for maintaining this litigation against Martin O'Malley, former Mayor of the City Baltimore, Sheila Dixon, former City Council President, Kevin Clark, former Commissioner of the BPD, Officer David Green of the BPD, or the three unidentified officers of

----

[9]      There is no dispute in this case that the BPD is a state agency.  *See*, *e.g.*, *Clea*, 541 at 1306.

[10]      *Cf. Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548 (D. Md. 2003) (holding that "the Baltimore Police Department is a 'person' subject to suit under § 1983.").

the BPD.  Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to the

individually named Defendants.

**<u>CONCLUSION</u>**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.  A separate

Order follows.


Dated: March 16, 2007                                    /s/_____
                                                         Richard D. Bennett
                                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REGINALD L. LEE,                    *

    Plaintiff *pro se*,              *

        v.                        *     Civil Action No. RDB 06-1039

MARTIN O'MALLEY, *et al.*,           *

    Defendants.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This action arises from a Complaint filed by *pro se* Plaintiff Reginald Lee ("Plaintiff" or

"Lee") against Defendants Baltimore City Police Department (the "BPD"), Martin O'Malley,

former Mayor of the City of Baltimore, Sheila Dixon, former City Council President, Kevin

Clark, former Commissioner of the BPD, Officer David Green of the BPD, and three

unidentified officers of the BPD (collectively, "Defendants").[1]  The Complaint alleges that

Plaintiff was arrested for loitering without probable cause, asserts causes of actions under 42

U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth and Eighth Amendments of the

United States Constitution, and contends that Defendants' conduct also violated Article 7 of the

Maryland Declaration of Rights.  Currently pending before this Court is Defendants' Motion to

Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This Court has

jurisdiction based on the allegations of a federal question under 28 U.S.C. § 1331.  The parties'

submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md.

2004).  For the reasons stated below, Defendants' Motion to Dismiss is GRANTED.

---

[1]      Martin O'Malley is now Governor of the State of Maryland.  Sheila Dixon is now
Mayor of the City of Baltimore.

## STANDARD OF REVIEW

"The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolves contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)).  As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations."  *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  However, while "notice pleading requires generosity in interpreting a plaintiff's complaint . . . generosity is not fantasy."  *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).

## DISCUSSION

### I.     The Complaint.

Plaintiff Reginald Lee ("Plaintiff" or "Lee") alleges that "[o]n April 25, 2003, black Officer Dave Green, and three unidentified black female officers, arrested plaintiff for loitering on the corner of Norfolk and Oakfield Avenues."  (Compl. ¶ 1.)  Plaintiff contends that he was injured "[w]hile in transit to Central Booking [when] Officer Donna Doe backed the police van into the concrete column at Central Booking."  (*Id.* ¶ 2.)  As a result, Plaintiff maintains that he "had to be treated at Mercy Hospital for back injuries."  (*Id.* ¶ 3.)  Finally, Plaintiff asserts that he "was detained at Central Booking for over thirteen hours" and then "released without being formally charged with a crime."  (*Id.* ¶¶ 3-4.)

The Complaint asserts three causes of action.  Plaintiff contends that his arrest violated (1) "the 4th Amendment's prohibition against unreasonable searches, and seizures," (*Id.* ¶ 7), (2) "Plaintiff's 8th Amendment Right to due process, and equal protection of the law," (*Id.* ¶ 8), and (3) "Article 7, of the Maryland Declaration of Rights," (*Id.* ¶ 9.)  Plaintiff seeks "judgment against the defendants in the amount of one million dollars ($1,000,000.00)."  (*Id.* ¶ 13.)

On April 25, 2006, Plaintiff filed his Complaint.  On June, 7, 2006, Defendants filed the instant Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Paper No. 9.)

### II.     Failure to State A Claim.

Plaintiff's federal constitutional claims are asserted under 42 U.S.C. § 1983, which provides a remedy against any person who, under color of state law, deprives another of rights

protected by the United States Constitution.[2]  The specific constitutional rights that Plaintiff

contends were violated include rights protected by the Fourth and Eighth Amendments.[3]  In

addition, Plaintiff asserts that Defendants' conduct violated Article 7 of the Maryland

Declaration of Rights.[4]  For reasons explained below, each of these claims fail under Rule

12(b)(6) of the Federal Rules of Civil Procedure.

### A.      Fourth Amendment.

Plaintiff's claim that Defendants' conduct violated the Fourth Amendment's prohibition

against unreasonable search and seizure fails under Rule 12(b)(6).  It is well established that the

---

[2]      42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of
> Columbia, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action
> at law, suit in equity, or other proper proceeding for redress, except
> that in any action brought against a judicial officer for an act or
> omission taken in such officer's judicial capacity, injunctive relief
> shall not be granted unless a declaratory decree was violated or
> declaratory relief was unavailable.

[3]      The Fourth Amendment provides that "[t]he right of the people to be secure in
their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not
be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or
affirmation, and particularly describing the place to be searched, and the persons or things to be
seized."  U.S. Const. amend. IV.  The Eighth Amendment provides that "[e]xcessive bail shall
not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S.
Const. amend. VIII.

[4]      Article 7 of the Maryland Declaration of Rights provides "[t]hat the right of the
People to participate in the Legislature is the best security of liberty and the foundation of all
free Government; for this purpose, elections ought to be free and frequent; and every citizen
having the qualifications prescribed by the Constitution, ought to have the right of suffrage."
Md. Const. Declaration of Rights, Art. 7.

warrantless arrest of an individual who has committed a misdemeanor in the arresting officer's presence is consistent with the Fourth Amendment if supported by probable cause. *See*, *e.g.*, *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (citing *Atwater v. Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offence in his presence, he may, without violating the Fourth Amendment, arrest the offender.")).  In the context of evaluating an overdetention claim, moreover, the Supreme Court has noted that presentment "within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*."  *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)).  Here, the Plaintiff alleges no facts to support a claim that his arrest was made without probable cause.  In addition, he fails to allege facts that would support a claim that his detention of 13 hours before being released was constitutionally unreasonable.  As a result, even after accepting all well-pleaded allegations in the Complaint as true, this Court finds that Lee has failed to state a claim that his Fourth Amendment rights were violated.  Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's cause of action based on the Fourth Amendment.

**B.**     **Eighth Amendment.**

Lee's claim that Defendants' conduct violated his Eighth Amendment "right to due process, and equal protection of the law" also fails under Rule 12(b)(6).  (Compl. ¶ 8.)  As an initial matter, the Eighth Amendment does not protect an individual's right to due process or equal protection.  Instead, it provides that "[e]xcessive bail shall not be required, nor excessive

fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.[5]  The

factual allegations made in the Complaint, however, do not implicate bail, fines, or any

cognizable equal protection claim.  As a result, it is difficult to discern the precise cause of

action that Plaintiff intends to assert based on the Eighth Amendment.

This difficulty is without moment, however, because Plaintiff fails to allege sufficient

facts under any reasonable legal theory.  For example, he might have intended to invoke his due

process rights under the Fourteenth Amendment to assert a claim of excessive force.[6]  Such a

claim would fail because Plaintiff fails to allege anything more than *de minimus* injuries

resulting from alleged negligent operation of a police vehicle.  *See Riley*, 115 F.3d at 1167

("Punishment must mean something more than trifling injury or negligible force. Otherwise,

every touch would be actionable and every alleged 'push or shove' would entitle plaintiff to a

trial.").  It is also conceivable that Lee intended to assert that his due process rights were violated

when he "was detained at Central Booking for over thirteen hours" and then "released without

being formally charged with a crime." (Compl. ¶¶ 3-4.)  This matter has already been addressed

in the context of Plaintiff's Fourth Amendment claim.  *See supra* Discussion II.A,.  A similar

analysis would apply to the extent that Plaintiff is attempting to claim that his thirteen-hour

detention somehow constitutes cruel and unusual punishment.  Accordingly, Defendants' Motion

---

[5]        *See also Ingraham v. Wright,* 430 U.S. 651, 671, n.40 (1977) ("Eighth
Amendment scrutiny is appropriate only after the State has complied with the constitutional
guarantees traditionally associated with criminal prosecutions."); *Riley v. Dorton,* 115 F.3d 1159,
1166 (4th Cir. 1997) (noting that the Eighth Amendment does not apply "until after conviction
and sentence.") (citing *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)).

[6]        The Fourteenth Amendment provides in relevant part that "[n]o State shall . . .
deprive any person of life, liberty, or property, without due process of law; nor deny to any
person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

to Dismiss is GRANTED with respect to Plaintiff's cause of action based on the Eighth

Amendment.

### C.     Article 7 of the Maryland Declaration of Rights.

Lee's claim that the Defendants' conduct violated his rights under Article 7 of the

Maryland Declaration of Rights also fails under Rule 12(b)(6).  As noted above, this

constitutional provision provides:

> That the right of the People to participate in the Legislature is the best
> security of liberty and the foundation of all free Government; for this
> purpose, elections ought to be free and frequent; and every citizen
> having the qualifications prescribed by the Constitution, ought to
> have the right of suffrage.

Md. Const. Declaration of Rights, Art. 7; *see generally Maryland Green Party v. Maryland Bd.*

*of Elections,* 832 A.2d 214, 222-30 (Md. 2003) (discussing Article 7).  In this case, Plaintiff

alleges no facts that would implicate the voting rights protected by this provision of the

Maryland Constitution.  Accordingly, Defendants' Motion to Dismiss is GRANTED with respect

to Plaintiff's cause of action based on Article 7 of the Maryland Declaration of Rights.

### D.     *Monell* Claim.

To the extent that Plaintiff asserts any cause of action based on *Monell v. Department of*

*Social Services.*, 436 U.S. 658 (1978), Defendants move to dismiss such claims under Rule

12(b)(6).  It is well settled that a municipality is only liable under 42 U.S.C. § 1983 if the

municipality causes a deprivation through an official policy or custom.  *See Monell v. Dep't of*

*Soc. Servs.*, 436 U.S. 658 (1978.  "[A] municipality can be found liable under § 1983 only

where the municipality *itself* causes the constitutional violation at issue."  *City of Canton v.*

*Harris*, 489 U.S. 378, 385 (1989) (emphasis in original).  A municipality cannot be held liable in

a § 1983 action under a theory of *respondeat superior*. *Monell*, 436 U.S. at 694. In this case, aside from the fact that Lee has failed to allege the deprivation of a constitutional right, he offers no facts to support a claim based on municipal liability under *Monell*. Instead, he merely offers the conclusory statement that "said arrests are a matter of policy, tradition and custom within the Baltimore City Police Department." (Compl. ¶ 11.) This type of allegation, however, is insufficient to support any claim that Plaintiff's arrest was the result of some custom or policy. *See*, *e.g.*, *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (allegations of scattered constitutional violations are not sufficient to establish a policy or custom sufficient to create municipal liability); *see also Eastern Shore Mkts.*, 213 F.3d at 180 (the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts").[7] Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's federal constitutional claims based on *Monell v. Department of Social Services*, 436 U.S. 658 (1978).[8]

---

[7]     *See also Boliek v. Frendlich*, No. 04-3655, 2005 WL 1363980, at *6 (D. Md. Jun. 7, 2005) (J. Bennett) (unpublished) (noting that "'[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient.'") (quoting *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 479 (7th Cir. 1997)); *Hall v. Smith*, Case No. 3:05-cv-68-J-25MMH, 2005 WL 1871144, at *4 (M.D. Fla. July 27, 2005) (vague and conclusory allegations will not support a claim against a city under § 1983) (unpublished), *aff'd*, 170 Fed. Appx. 105 (11th Cir. Mar. 07, 2006).

[8]     *See also Clea v. Baltimore*, 541 A.2d 1303, 1306 (Md. 1988) (holding that the City of Baltimore cannot be liable in a state law tort action for the acts of a BPD Officer under a *respondeat superior* theory); *Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 549 (D. Md. 2003) ("Baltimore City cannot be held liable under § 1983 for an unconstitutional arrest by a Baltimore City police officer.") (citation omitted)).

III.    **Baltimore Police Department.**

Defendant Baltimore City Police Department (the "BPD") moves to dismiss Plaintiff's state constitutional claims on grounds that it enjoys certain immunities as a state agency.[9]   The Maryland Court of Appeals has noted that "the State of Maryland and state agencies are generally immune from suits, unless the immunity has been waived by the General Assembly. . . ." *Maryland-National Capital Park & Planning Com. v. Kranz,* 521 A.2d 729, 731 (Md.) (citing *Katz v. Washington Suburban Sanitary Com.*, 397 A.2d 1027, 1030 (Md. 1979)).   In this case, there is no indication that the BPD has waived immunity with respect to Plaintiff's state constitutional claims.  *See*, *e.g.*, *Baltimore Police Dep't v. Cherkes*, 780 A.2d 410, 424 (Md. Ct. Spec. App. 2001) (holding that the Baltimore City Police Department enjoys state sovereign immunity as an agency of the State from liability for state constitutional torts.)   Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to Plaintiff's state constitutional claims against Defendant BPD.[10]

IV.    **Individual Defendants.**

Plaintiff's claims against the individual Defendants in this action fail for reasons explained above.  Without a single underlying federal or state constitutional violation, Plaintiff simply lacks grounds for maintaining this litigation against Martin O'Malley, former Mayor of the City Baltimore, Sheila Dixon, former City Council President, Kevin Clark, former Commissioner of the BPD, Officer David Green of the BPD, or the three unidentified officers of

---

[9]    There is no dispute in this case that the BPD is a state agency.  *See*, *e.g.*, *Clea*, 541 at 1306.

[10]    *Cf. Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 548 (D. Md. 2003) (holding that "the Baltimore Police Department is a 'person' subject to suit under § 1983.").

the BPD.  Accordingly, Defendants' Motion to Dismiss is GRANTED with respect to the

individually named Defendants.

<u>**CONCLUSION**</u>

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.  A separate

Order follows.


Dated: March 16, 2007                     <u>/s/</u>_____
                                          Richard D. Bennett
                                          United States District Judge